**AIR TURBINE TECHNOLOGY, INC., Plaintiff,**

v.

**ATLAS COPCO AB, Atlas Copco Tools AB, Atlas Copco North America, Inc. and Atlas Copco Tools, Inc., Defendants.**

No. 01–8288–CIV.

United States District Court, S.D. Florida.

Sept. 3, 2003.

Ned Roger Nashban, Quarles & Brady, Boca Raton, FL, Casey Keeler Weidenmiller, Kaimi Lani Jones, Quarles & Brady, Naples, FL, Richard L. Horn, Gregory M. Smith, Quarles & Brady, Chicago, IL, for Air Tur-

bine Technology, Inc., a Florida Corporation, plaintiff.

Susan Kohlmann, Brett Lewis, Pillsbury Winthrop, New York City, William Atkins, Guillermo E. Baeza, Benjamin L. Kiersz, Pillsbury Winthrop, McLean, VA, Paul R. Griffin, Pillsbury Winthrop, San Francisco, CA, John C. Dotterrer, Palm Beach, FL, Scott J. Pivnick, Pillsbury Winthrop, Washington, DC, for Atlas Copco, a Swedish Corporation, Atlas Copco North America, Inc., a Delaware Corporation, Atlas Copco Tools, Inc., a Delaware Corporation aka Atlas Copco Tools & Assembly Systems, Inc., defendants.

## ORDER DENYING PLAINTIFF'S EXPEDITED MOTION TO COMPEL VIDEO CONFERENCE TESTIMONY AT TRIAL

MARRA, District Judge.

THIS CAUSE is before the Court upon Plaintiff's Expedited Motion to Compel Video Conference Testimony at Trial [filed August 28, 2003]. The Court has carefully considered the motion and is otherwise fully advised in the premises.

Plaintiff seeks this Court to compel Defendants to produce their employee witnesses who are located beyond the subpoena power of this Court to testify at trial via live video conference. In support of this motion, Plaintiff relies upon *In re San Juan Dupont Plaza Hotel Fire Litigation,* 129 F.R.D. 424 (D.Puerto Rico 1990). The Dupont Plaza court concluded that the Federal Rules of Civil Procedure did not preclude the Court from requiring such testimony via video conference. This Court could find no other published decision in a civil case in which a court compelled such testimony. Moreover, there is no indication in *Dupont Plaza* whether the witnesses so compelled were located within the United States, and therefore within its subpoena powers. In the case before this Court, there appears to be no authority which permits the court to circumvent the procedures required to compel testimony from non-United States citizens residing in foreign countries. *Gillars v. United States,* 182 F.2d 962, 978 (D.C.Cir.1950) (aliens who

are inhabitants of a foreign country cannot be compelled to respond to a subpoena); 28 U.S.C. § 1783 (United States court can issue subpoena to a United States citizen resident in a foreign country). There is no suggestion in Plaintiff's motion that any of the witnesses in question are United States citizens.

The Court notes that Rule 43(a) of the Federal Rules of Civil Procedure authorizes the presentation of testimony in open court by contemporaneous transmission from a different location "for good cause shown in compelling circumstances". However, the commentary to the 1996 Amendments to the Rules creating this change states: "A party who could reasonably foresee the circumstance offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances." 1996 Amendment Comments to Rule 43 of the Fed.R.Civ.P. The Commentary also states that notice of a desire to transmit testimony should be made as soon as possible, in order for the parties to arrange a deposition, or secure an advance ruling from the Court. Plaintiff has known from the early stages of this case that witnesses from outside of the United States would be testifying at trial. Depositions of the witnesses in question have been taken and this case is one month from the scheduled trial date. Additionally, there is no indication that Defendants have misled Plaintiff into believing that they would produce these witnesses for Plaintiff during its case in chief.

Finally, Plaintiff's argument that Defendants will gain some tactical advantage if Plaintiffs are left to read a deposition of a witness who Defendants than call in their own case is rejected. This circumstance occurs all the time, and does not present a "compelling circumstance." Plaintiff will have the opportunity to read a deposition, and the ability to cross-examine the witness if Defendants present the witness live.

The Court concludes that it does not have the authority to compel such testimony from non-United States citizens residing in Sweden absent agreement between the parties.

Moreover, even if the court had such authority, it finds Plaintiff has not met the requirements of Rule 43(a). Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Expedited Motion to Compel Video Conference Testimony at Trial and Motion for Expedited Briefing Schedule [filed August 28, 2003] is hereby **DENIED in its entirety.**[1]

1. In addition to the Court concluding that it does not have the authority to compel video conference testimony for witnesses outside the subpoena power of this Court, the motion fails to comply with Local Rule 7.1.A.3. This Rule requires counsel to confer with opposing counsel prior to the filing of certain motions and requires a certification that counsel conferred in good faith with opposing counsel. On August 11, 2003, the Court cited this rule as an additional ground to deny a motion filed by Defendants.